UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.　　　　　　　　　　　　　　　　Criminal Case No. 21-20203

KOLLIER DEVONTE RADNEY,　　　　　Sean F. Cox
　　　　　　　　　　　　　　　　　United States District Court Judge
    Defendant.
_____/

**OPINION & ORDER**
**DENYING DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA**

In this criminal case, Defendant Kollier Devonte Radney ("Radney") was charged with sex trafficking and related offenses. In March of 2022, Radney pleaded guilty to all three counts in the Second Superceding Indictment, without a plea agreement. After Radney's second appointed attorney was permitted to withdraw, his third appointed attorney filed a motion seeking to withdraw Radney's guilty pleas. The Government opposes the motion. The parties have briefed the issues and the Court heard oral argument on October 26, 2022. For the reasons set forth below, the Court DENIES the motion.

**BACKGROUND**

The original indictment charged Defendant Radney with one count of Sex Trafficking of Children, in violation of 18 U.S.C. § 1591(a). It also included forfeiture allegations. Radney was originally represented by attorneys Michael Carter[1] and Colleen Fitzharris with the Federal Community Defender Office for the Eastern District of Michigan ("FCDO").

---

[1] Mr. Carter is the Executive Director and Chief Public Defender for the FCDO.

1

In an April 26, 2021 Stipulation and Order, the parties agreed to extend the plea deadline to September 29, 2021, and the trial to December 7, 2021. (ECF No. 18).

On May 25, 2021, a Superseding Indictment added a second count of Sex Trafficking of Children, in violation of 18 U.S.C. § 1591(a).

In an August 6, 2021 Stipulation and Order, the parties stipulated to moving the plea deadline to December 10, 2021, and the trial to January 11, 2022. (ECF No. 27).

On November 12, 2021, however, Radney's counsel filed a motion seeking to withdraw as counsel because the attorney-client relationship had broken down. That motion was granted, attorney Lisa Kirsch Satawa was appointed to represent Radney, and she entered her appearance on November 30, 2021.

This Court held a status conference on December 17, 2021. On December 20, 2021, this Court issued an "Order Regarding Trial" that provided that trial would begin on March 15, 2022, at 8:00 a.m. and directed the parties to file their trial materials. (ECF No. 43).

On February 15, 2022, a Second Superseding Indictment (ECF No. 58) added an additional charge – Transportation with Intent to Engage in Criminal Sexual Activity, in violation of 18 U.S.C. § 2423(a).

The trial remained scheduled to begin on March 15, 2022, at 8:30 a.m.

On March 4, 2022, Radney entered a guilty plea to all charges in the Second Superceding Indictment, without a Rule 11 plea agreement. (*See* Plea Hrg. Tr., ECF No. 79). At the beginning of the plea hearing, Radney was placed under oath and advised by the Court that "You must tell the truth. Any false answers can be used against you in a separate proceeding for perjury or false statement." (3/4/22 Hrg. Tr. at 4). This Court determined that Radney was

competent to enter a plea after engaging in the following colloquy:

> THE COURT: Okay. Mr. Radney, first I'm going to ask some background questions to ensure that you're competent to enter a plea at this time. How old are you?
> THE DEFENDANT: Twenty-eight.
> THE COURT: How far did you go in school?
> THE DEFENDANT: I graduated.
> THE COURT: High school?
> THE DEFENDANT: Yes. And I did some trades after that.
> THE COURT: Okay. Do you read, write and understand English?
> THE DEFENDANT: Yes.
> THE COURT: Are you now under the influence of any medication?
> THE DEFENDANT: Not at all.
> THE COURT: Ms. Satawa, do you believe your client is capable of entering a knowing plea here this afternoon?
> MS. SATAWA: I do, Your Honor.
> THE COURT: Ms. Elzein, any position from the government?
> MS. ELZEIN: No, Your Honor.
> THE COURT: This Court finds that Mr. Radney is capable of entering a knowing plea here this afternoon.

(*Id*. at 5-6). This Court then recounted the three separate charges in the Second Superceding Indictment, as well as the sentencing consequences. (*Id*. at 6-7). Radney confirmed, under oath and in open court, that he understood the charges and sentencing consequences and was satisfied with the representation of his attorney:

> THE COURT: Mr. Radney, have you heard the charges that have been made against you?
> THE DEFENDANT: Yes, Your Honor.
> THE COURT: And then you discussed the charges as well as the sentencing consequence of these charges with your lawyer?
> THE DEFENDANT: Yes, Your Honor.
> THE COURT: And has your lawyer answered each and every question that you've had regarding the charges or the sentencing consequences of these charges?
> THE DEFENDANT: Yes, Your Honor.
> THE COURT: Do you have any questions at all regarding the charges or the sentencing consequence of these charges?
> THE DEFENDANT: No, Your Honor.
> THE COURT: And has Ms. Satawa answered each and every question that

>you've had regarding your case?
>THE DEFENDANT: Yes, Your Honor.
>THE COURT: Are you satisfied with the advice and services that Ms. Satawa has provided to you in your case?
>THE DEFENDANT: Yes, Your Honor.

(3/4/22 Hrg. Tr. at 8). This Court then proceeded to identify the specific rights that Radney would be waiving if he were to plead guilty to the charges and Radney confirmed that he wished to plead guilty to all three counts:

>THE COURT: Do you understand that if your guilty plea's accepted, you will be deprived of valuable civil rights -- right to vote, hold office, serve on a jury, possess or be around firearms?
>THE DEFENDANT: Yes, Your Honor.
>THE COURT: If I accept your plea of guilty, you give up many important constitutional rights. I will go over some of the most important to make sure you understand what you're giving up. Do you understand you have the right to plead not guilty?
>THE DEFENDANT: Yes, Your Honor.
>THE COURT: To have a trial before the Court or a jury?
>THE DEFENDANT: Yes, Your Honor.
>THE COURT: At trial, you're presumed to be innocent and the government would have to prove your guilt beyond a reasonable doubt.
>THE DEFENDANT: Yes, Your Honor.
>THE COURT: Do you understand you have the right to question the witnesses who appear against you, either you yourself or through your lawyer?
>THE DEFENDANT: Yes, Your Honor.
>THE COURT: Do you understand you have the right to have this Court order any witnesses you have for your defense to appear at trial?
>THE DEFENDANT: Yes, Your Honor.
>THE COURT: Do you understand you have the right to remain silent during your trial and not have your silence used against you?
>THE DEFENDANT: Yes, Your Honor.
>THE COURT: And, of course, you have the right to testify, if you wish to, during the course of your trial. Do you understand?
>THE DEFENDANT: Yes, Your Honor.
>THE COURT: Understanding these rights, do you want to give them up and plead guilty to Counts One, the charge of sex trafficking of children; Count Two, the charge of sex trafficking of children; and Count Three, the charge of transportation of a minor to engage in criminal sexual activity?
>THE DEFENDANT: Yes, Your Honor.

(*Id*. at 8-10).

This Court then read a detailed statement of stipulated facts, that the parties had agreed upon. Radney then confirmed, under oath, that the statement of facts read by the Court was true and accurate. (*Id.* at 10-12). The Court also had the following colloquy with Radney:

> THE COURT: Sir, have been there been any promises made to you to get you to plead guilty here today?
> THE DEFENDANT: No. No, sir. No promises. No, Your Honor.
>     . . . .
>
>     THE COURT: And again, has anyone attempted to force you to plead guilty by any mistreatment or pressure?
> THE DEFENDANT: No, Your Honor.
> THE COURT: Sir, are you pleading guilty freely and voluntarily because you are guilty and it is your choice to plead guilty?
> THE DEFENDANT: Yes, Your Honor.

(*Id.* at 17-18).

At the conclusion of the hearing, this Court found that Radney's pleas to all three counts were knowingly, freely, and voluntarily made and accepted his guilty pleas. (*Id*. at 26-27).

Following the Court's acceptance of Radney's guilty pleas, on March 4, 2022, the Court issued an "Order Imposing Sentencing And Deadline Dates And Imposing Other Responsibilities" (ECF No. 63) that provided, among other things, that sentencing would take place on July 6, 2022, that the Presentence Report ("PSR") would be submitted to counsel on or before May 18, 2022, and that objections to the PSR would be due on or before June 1, 2022.

On June 8, 2022, attorney Lisa Kirsch Satawa, Radney's second appointed attorney in this matter, filed a motion seeking to withdraw as counsel for Radney, due to a breakdown in the attorney-client relationship. The motion indicated that Radney was contemplating filing a motion to withdraw his guilty plea and claiming his counsel had been ineffective. This Court held a hearing on that motion on July 6, 2022. At that hearing, Radney attempted to submit a

*pro se* motion to the Court, seeking to withdraw his guilty plea, while still represented by counsel, and the Court did not accept the *pro se* motion. (*See* Def.'s Br. at PageID.531).

On July 7, 2022, this Court granted the motion to withdraw and allowed Lisa Kirsch Satawa to withdraw as Radney's counsel.

On July 8, 2022, attorney Loren Dickstein, Radney's now third appointed attorney, was appointed to represent Radney. This Court held a Status Conference on July 26, 2022, after which it ordered that any motion seeking to withdraw Radney's guilty plea had to be filed by September 6, 2022.

On September 2, 2022, Radney filed a "Motion To Withdraw Guilty Plea." (ECF No. 77). The parties stipulated to allowing the Government an extension of time to file its response brief, so that it could obtain a transcript of the plea hearing. The Government filed a timely brief opposing the motion on September 20, 2022.

On October 4, 2022, Radney filed a motion seeking an unspecified extension of time to file a reply brief in support of his motion. This Court granted the motion, ordering that Radney had until October 11, 2022 to file any reply brief. It was filed on October 7, 2022.

**ANALYSIS**

Under Federal Rule of Criminal Procedure 11(d)(2)(B), a "defendant may withdraw a plea of guilty" "after the court accepts the plea, but before it imposes sentence" if the "defendant can show a fair an just reason for requesting the withdrawal." As explained by the Sixth Circuit:

> The purpose of the rule "is to allow a hastily entered plea made with unsure heart and confused mind to be undone." *United States v. Alexander,* 948 F.2d 1002, 1004 (6th Cir. 1991). The rule, however, was not designed as a tactical tool allowing a defendant "to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty." *Id.* (quoting *United States v. Carr*, 740 F.2d 339, 345 (5th Cir. 1984)).

6

*United States v. Pluta*, 144 F.3d 968, 973 (6th Cir. 1998). "When a defendant has entered a knowing and voluntary plea of guilty at a hearing at which he acknowledged committing the crime[s], the occasion for setting aside a guilty plea should seldom arise." *United States v. Ellis*, 470 F.3d 275, 280 (6th Cir. 2006).

The defendant has the burden to establish that his motion to withdraw his plea should be granted. *United States v. Goddard*, 638 F.3d 490, 494 (6th Cir. 2011). The Sixth Circuit has set forth seven non-exhaustive factors for district courts to consider in determining whether to grant plea withdrawal request: 1) the amount of time that elapsed between the plea and the motion to withdraw it; 2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; 3) whether the defendant has asserted or maintained his innocence; 4) the circumstances underlying the entry of the guilty plea; 5) the defendant's nature and background; 6) the degree to which the defendant has had prior experience with the criminal justice system; and 7) potential prejudice to the government if the motion to withdraw is granted. *United States v. Pluta*, 144 F.3d 968, 973 (6th Cir. 1998); *Bell*, 795 F. App'x at 402. The Government is not required to establish prejudice under the seventh factor "unless and until" the defendant meets his burden of establishing a fair a just reason for the allowing the withdrawal under the first six factors. *Bell,* 795 F. App'x at 402 (quoting *United States v. Spencer*, 836 F.2d 236, 240 (6th Cir. 1987)).

After examining the above factors, the Court finds that Radney has not established a fair and just reason to withdraw his guilty pleas.

The first factor is the amount of time that elapsed between the plea and the motion to with draw it. Here, Radney pleaded guilty to all three counts in the Second Superceding

Indictment on March 4, 2022. Yet Radney did not file a motion seeking to withdraw those pleas until September 2, 2022 – approximately six months later. That is a significant delay. The second factor is the presence or absence of a valid reason for the failure to move for withdrawal earlier in the proceedings. Here, a portion of the delay may be attributable to Radney's breakdown in communication with his prior counsel (Lisa Kirsch Satawa). As the Government notes, however, "over eight weeks passed between Radney's guilty plea and even the earliest point that he suggests he considered withdrawing his plea (when his relative informed prior counsel on May 31, 2022." (Govt.'s Br. at 8). Thus, these two factors weigh against Radney.

The third factor, whether the defendant has asserted or maintained his innocence, also weighs against Radney. Radney pleaded guilty to all three charges in the Second Superceding Indictment on March 4, 2022, in open court, while under oath. At that time, he agreed with a detailed factual stipulation that the parties had prepared and also explained, in his own words, the actions that he took that made him guilty of the crimes charged. After the Court accepted his guilty plea, Radney also provided a written acceptance-of-responsibility statement to the probation department.

The fourth factor is the circumstances underlying the guilty plea. As to this factor, Radney's motion asserts:

> Looking to the fourth factor, the circumstances underlying the entry of Mr. Radney's guilty plea included, according to Mr. Radney, ineffective assistance of counsel, and incorrect legal information tendered to Mr. Radney. Furthermore, Kollier Radney insists that the erroneous legal advice resulted in his decision to enter a plea instead of taking his case to trial. Mr. Radney states that former counsel, Lisa Kirsch-Satawa, failed to provide effective assistance of counsel based upon his belief that she did not review evidence of witness interviews, was a conflict when entering motions with the court, and failed to investigate an alibi defense.
> Mr. Radney also asserts that prior to entering his guilty plea, he had

>requested former counsel to withdraw as counsel. According to Mr. Radney, his former counsel denied doing so and instead coerced him with an ultimatum into a guilty plea. This ultimatum allegedly included informing Mr. Radney that he would be able to plead guilty, obtain separate counsel for his appeal, and make evidentiary motions in the United States Court of Appeals. If Mr. Radney insisted on proceeding to trial, he alleges that his prior counsel threatened to force him to represent himself with her as "advisory counsel ," and that she would only half-heartedly assist him. If truly given, this legal advice to Mr. Radney would amount to ineffective assistance of legal counsel and render his plea unknowing and involuntary.

(Def.'s Br. at 11-12).

In support of his motion, Radney has not submitted any evidence to support those assertions, such as an affidavit from Radney or his former counsel, Lisa Kirsch Satawa.

The Government's response brief includes a footnote that states "[i]f the Court requires, the government will seek a declaration from prior counsel addressing the alleged ultimatum and the advice she did and did not provide regarding Radney's ability to challenge evidentiary issues on appeal." (Govt.'s Br. at 11). But it is *Radney's burden* to establish that his motion to withdraw his plea should be granted. *United States v. Goddard*, 638 F.3d 490, 494 (6th Cir. 2011). Radney has not presented any evidence in support of his assertions and Radney did not request an evidentiary hearing.

And while this Court has the discretion to hold an evidentiary hearing where appropriate (*see United States v. Woods,* 554 F.3d 611, 613 (6th Cir. 2009)), no such hearing is warranted here. That is because Radney's unsupported assertions about statements made to him by his former counsel are belied by Radney's own statements – made in open court and under oath:

> THE COURT: Mr. Radney, have you heard the charges that have been made against you?
> THE DEFENDANT: Yes, Your Honor.
> THE COURT: And then you discussed the charges as well as the sentencing consequence of these charges with your lawyer?

9

>THE DEFENDANT: Yes, Your Honor.
>THE COURT: And has your lawyer answered each and every question that you've had regarding the charges or the sentencing consequences of these charges?
>THE DEFENDANT: Yes, Your Honor.
>THE COURT: Do you have any questions at all regarding the charges or the sentencing consequence of these charges?
>THE DEFENDANT: No, Your Honor.
>THE COURT: And has Ms. Satawa answered each and every question that you've had regarding your case?
>THE DEFENDANT: Yes, Your Honor.
>THE COURT: Are you satisfied with the advice and services that Ms. Satawa has provided to you in your case?
>THE DEFENDANT: Yes, Your Honor.
>. . . .
>
>THE COURT: Sir, have been there been any promises made to you to plead guilty here today?
>THE DEFENDANT: No. No, sir. No promises. No, Your Honor.
>THE COURT: Are you currently on probation or parole in another criminal case?
>THE DEFENDANT: No, Your Honor.
>THE COURT: And again, has anyone attempted to force you to plead guilty by any mistreatment or pressure?
>THE DEFENDANT: No, Your Honor.
>THE COURT: Sir, are you pleading guilty freely and voluntarily because you are guilty and it is your choice to plead guilty?
>THE DEFENDANT: Yes, Your Honor.

(3/4/22 Hrg. Tr. at 8, 17-18). As the transcript of the March 4, 2022 hearing reflects, this Court engaged in an extensive and detailed colloquy with Radney before accepting his guilty plea. This fourth factor weighs heavily against Radney.

The fifth factor (the defendant's nature and background) and the sixth factor (the degree to which the defendant has had prior experience with the criminal justice system) also weigh slightly against Radney. Radney was 28 years old at the time he pleaded guilty to the charges in this case. Radney acknowledges that he has a high school education. Radney's life experiences also include some prior contacts with the criminal justice system. As the Government notes, the

fact that a defendant has had prior contacts with the justice system tends to weigh against allowing that defendant to withdraw a guilty plea. *See, eg., United States v. Owens*, 215 F. App'x 498, 502 (6th Cir. 2007); *United States v. Baker*, 2022 WL 1017957 at *6-7 (6th Cir. 2022). There is nothing to suggest that Radney was incapable of understanding the proceedings brought against him in this case.

Given that the above factors weigh against Radney, this Court concludes that Radney has not established a "fair and just reason" to withdraw his guilty pleas. Thus, the Court need not consider whether the Government can establish prejudice. *Bell,* 795 F. App'x at 402.

## CONCLUSION & ORDER

Accordingly, the Court ORDERS that Defendant's Motion To Withdraw Guilty Plea is DENIED.

IT IS SO ORDERED.

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: October 27, 2022

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 27, 2022, by electronic and/or ordinary mail.

s/Jennifer McCoy
Case Manager